UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X
ANA CHRISTIAN,

                             Plaintiff,

- against -

THE CITY OF NEW YORK, POLICE DETECTIVE ANDRE WILLIAMS, POLICE SERGEANT ANDREW LANE, POLICE OFFICER JOSE GENAO, POLICE OFFICER JOHN CACIOPPO, POLICE OFFICER JOHN DOE(S) #'s 1-4,

                             Defendants.
---------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**14-CV-3012 (LAK) (SN)**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

Plaintiff, **ANA CHRISTIAN**, by her attorneys, NASS & ROPER LAW, LLP**,** complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff, **ANA CHRISTIAN**, seeks damages to redress the deprivation, under color of state law, of rights secured to her under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about June 13, 2013, at approximately 1:00 p.m., Plaintiff was at the 33rd police precinct when she was falsely arrested by Defendants including, but not limited to, **POLICE DETECTIVE ANDRE WILLIAMS, POLICE SERGEANT ANDREW LANE, POLICE OFFICER JOSE GENAO, POLICE OFFICER JOHN CACIOPPO, POLICE OFFICER JOHN DOE(S) #'s 1-4**. It is alleged that Defendants falsely arrested Plaintiff in violation of her constitutional rights and maliciously prosecuted charges against her.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

### III. PARTIES

3. Plaintiff, **ANA CHRISTIAN** (hereinafter "CHRISTIAN), at all times relevant hereto, resided at 227 Audubon Avenue in the County of New York, and in the City and State of New York.

4. Defendant, **CITY OF NEW YORK** (hereinafter "CITY"), is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant, **POLICE DETECTIVE ANDRE WILLIAMS** (Shield: 543) was an NYPD police officer, and at all relevant times hereto, acted in that capacity as an agent, servants and/or employee of Defendant CITY and within the scope of their employment.

6. Defendant, **POLICE SERGEANT ANDREW LANE** (Shield: 00885) was an NYPD police officer, and at all relevant times hereto, acted in that capacity as an agent, servants and/or employee of Defendant CITY and within the scope of their employment.

7. Defendant, **POLICE OFFICER JOSE GENAO** (Shield: 10256) was an NYPD police officer, and at all relevant times hereto, acted in that capacity as an agent,

servants and/or employee of Defendant CITY and within the scope of their employment.

8. Defendant, **POLICE OFFICER JOHN CACIOPPO** (Shield: 00921) was an NYPD police officer, and at all relevant times hereto, acted in that capacity as an agent, servants and/or employee of Defendant CITY and within the scope of their employment.

9. Defendants, **POLICE OFFICER JOHN/JANE DOE(S) #'s 1-4,** were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

10. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

11. On or about June 13, 2013, Plaintiff, **CHRISTIAN**, received a phone call from her mother who told her that police officers were at her home.

12. Defendants told **CHRISTIAN** that they would not leave her mother's home until she came to the 33rd police precinct.

13. **CHRISTIAN** went to the 33rd police precinct at approximately 1:00 pm and was questioned by Defendants regarding the use of a vehicle she owned.

14. **CHRISTIAN** was interrogated for approximately six (6) hours by Defendants before being placed in a holding cell where she would remain for approximately four (4) more hours before being transferred to Central Booking.

15. **CHRISTIAN** was then brought to Central Booking where she would be held in the "Tombs" for approximately 48 hours before being arraigned at approximately 5:00 p.m.

16. **CHRISTIAN** would plead not guilty and was held on bail.

17. **CHRISTIAN** would have to make approximately four (4) more appearances before all charges were dismissed on or around January 29, 2014.

18. That on or around the 4th day of February, 2014, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of Plaintiff, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

19. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

20. Paragraphs 1 through 15 of this complaint are hereby re-alleged and incorporated by reference herein.

21. That Defendants, **POLICE DETECTIVE ANDRE WILLIAMS, POLICE SERGEANT ANDREW LANE, POLICE OFFICER JOSE GENAO, POLICE OFFICER JOHN CACIOPPO, POLICE OFFICER JOHN DOE(S) #'s 1-4,** had neither valid evidence for the arrest of **CHRISTIAN** nor legal cause or excuse to seize and detain her for approximately forty-eight (48) hours.

22. That in detaining **CHRISTIAN** for approximately forty-eight hours (48), and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

23. Upon information and belief, it was the policy and/or custom of Defendants CITY to inadequately supervise and train their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

24. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendants CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

25. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of **CHRISTIAN**'s rights alleged herein.

26. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected **CHRISTIAN** to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

27. By reason of the foregoing, **CHRISTIAN** suffered mental injuries, deprivation of liberty and privacy, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

28. Paragraphs 1 through 27 are hereby re-alleged and incorporated by reference herein.

29. That the seizure, detention and imprisonment of **CHRISTIAN** was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison her.

30. That Defendants intended to confine **CHRISTIAN**.

31. That **CHRISTIAN** was conscious of the confinement and did not consent to it.

32. That the confinement was not otherwise privileged.

33. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of **CHRISTIAN**'s rights, deprived her of her liberty when they subjected her to an unlawful, illegal and excessive detention, in violation of State law.

34. That by reason of the foregoing, **CHRISTIAN** suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (MALICIOUS PROSECUTION)

35. Paragraphs 1 through 34 are hereby re-alleged and incorporated by reference herein.

36. That Defendants, **POLICE DETECTIVE ANDRE WILLIAMS, POLICE SERGEANT ANDREW LANE, POLICE OFFICER JOSE GENAO, POLICE OFFICER JOHN CACIOPPO, POLICE OFFICER JOHN DOE(S) #'s 1-4,** with malicious intent, arrested **CHRISTIAN** and initiated a criminal proceeding against her despite the knowledge that she had committed no crime.

37. That the criminal matter against **CHRISTIAN** was terminated in her favor and the court dismissed the case in its entirety on or around January 29, 2014.

38. That there was no probable cause for the arrest and criminal proceeding.

39. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of **CHRISTIAN**'s rights, deprived **CHRISTIAN** of her liberty when they maliciously prosecuted her and subjected her to an unlawful, illegal and excessive detention, in violation of her rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

40. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause.  Thus, as a result of the above described policies and customs, **CHRISTIAN** was maliciously prosecuted despite the fact that she had committed no violation of the law.

41. That upon information and belief it was the policy and /or custom of Defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

42. That as a result of the above described policies and customs, Defendant CITY, its staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

43. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

44. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

45. That by reason of the foregoing, **CHRISTIAN** suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity.  All of said injuries may be permanent.

### IIX. FOURTH CAUSE OF ACTION
**Pursuant to State Law (MALICIOUS PROSECUTION)**

46. Paragraphs 1 through 45 are hereby re-alleged and incorporated by reference herein.

47. That Defendants acted with malicious intent, arrested **CHRISTIAN** and initiated a criminal proceeding despite the knowledge that she had committed no crime.

48. That the criminal matter was dismissed in **CHRISTIAN**'s favor.

49. That there was no probable cause for the arrest and criminal proceeding.

50. Defendants knew or should have known that there was no likelihood of a conviction of **CHRISTIAN**.

51. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of **CHRISTIAN**'s rights, deprived her or her liberty when they maliciously prosecuted her in violation of the Laws of the State of New York.

52. That by reason of the foregoing, **CHRISTIAN** suffered psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION

**Pursuant to State Law (RESPONDEAT SUPERIOR)**

53. Paragraphs 1 through 52 are hereby re-alleged and incorporated by reference herein.

54. That at all times, all Defendants were acting within the scope of their employment.

55. That Defendant CITY was able to exercise control over Defendant Officers' activities.

56. That Defendant CITY is liable for Defendant Officers' actions under the doctrine of respondeat superior.

57. By reason of the foregoing, **CHRISTIAN** suffered mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, **CHRISTIAN** has suffered and will continue to suffer, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. **CHRISTIAN** has further experienced severe emotional and physical distress.

WHEREFORE, **CHRISTIAN** respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from June 13, 2013; and

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
September 8, 2014

                                                        Yours, etc.

                                                        _____
                                                        JUSTIN M. ROPER, ESQ.
                                                        *ATTORNEY FOR PLAINTIFF*
                                                        NASS & ROPER LAW, LLP
                                                        14 PENN PLAZA, SUITE 2004
                                                        NEW YORK, NEW YORK 10122

## ATTORNEY'S VERIFICATION

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, ANA CHRISTIAN. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:    New York, New York
          September 8, 2014

_____
JUSTIN M. ROPER, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANA CHRISTIAN,

                        **Plaintiff,**

– against –

CITY OF NEW YORK, POLICE DETECTIVE ANDRE WILLIAMS, POLICE SERGEANT ANDREW LANE, POLICE OFFICER JOSE GENAO, POLICE OFFICER JOHN CACIOPPO, POLICE OFFICER JOHN DOE(S) #'s 1-4,

                        **Defendants.**

## AMENDED COMPLAINT

**NASS & ROPER LAW, LLP**
*Attorneys for Plaintiff*
**ANA CHRISTIAN**
**14 Penn Plaza, Suite 2004**
**New York, New York 10122**
**(718) 775-3246**
**Fax: (718) 775-3246**[*]

---

[*] Not for service of papers.